Good morning, may I please the court, Harrison Latow on behalf of Appellant William Reeves. I think a good response to the state's argument in this case is provided by Justice Stevens, concurring in the case of Rose v. Clark, which was cited in the state's brief. Justice Stevens said that, quote, certain constitutional rights are not and should not be subject to harmless error analysis because those rights protect important values that are unrelated to the truth-seeking function of the trial. The state's argument is basically that the error in this case really didn't affect the outcome because, after all, the defendant pleaded guilty, the trial court conducted a thorough plea colloquy, and from all outward appearances, it looks like the defendant's plea was knowing and voluntary. That is harmless error analysis under a different name. The error in this case was structural error, and that means that no harmless error analysis should be conducted. The reason defendant takes this kind of categorical approach to the issue presented is because that's the approach the Supreme Court has directed should be taken. The structural error means, in effect, it's structural. That's it. End of story. You don't go on to the prejudice question. Absolutely, Your Honor. It doesn't mean that it's a right that's not necessarily waivable. Now, your client knew at the time that Judge Orff put on the record her feelings about the case and made the statement that she wouldn't have proceeded but for the fact that she's not going to exercise any discretion, making it very clear what she was going to impose as a sentence, and your client elected to proceed under those circumstances. That's correct, Your Honor. He sure did, and that's the basis upon which the district court in this case rejected his claims for relief. My answer would be that the error, namely deprivation of the right to an impartial judge, infects the legitimacy of the entire proceeding and so should not be waivable by the defendant. Well, that's an argument, but that doesn't flow from the structural nature of the error. The most fundamental structural error is denial of right to counsel, and yet we all know right to counsel can be waived. Defendants are entitled. Indeed, they have an affirmative right to represent themselves. So the fact that a given error might be deemed structural doesn't mean it's not waivable. What makes this error or alleged error non-waivable? I think because it affects the public respect for the proceeding and the outcome. Take a kind of a ridiculous example. Suppose that the reason the defendant was deprived of the right to an impartial judge is because instead of an actual judge, he had an imposter on the bench. And the judge, the imposter judge, suppose it's a janitor who comes up and says, I'm going to be judge for today and invites everybody. You know something about me that I don't know yet? Suppose I'm an imposter here. Suppose I'm here, you don't know it, and you later discover I don't have a commission. I never was confirmed by the Senate or something like that. I want to make sure your analogy is a correct one. Are you telling me that, in your hypothetical, the defendant knows I'm not a real judge and still elects to proceed? Yes. We're discussing waivers. So this imposter judge announces that he's the janitor, and for some reason everybody elects to go ahead and proceed before that imposter judge. Once you get a sentence started. Excuse me? Yes. Now, would that – would the outcome of that proceeding be subject to attack on the basis of structural error? I think it should be. Because different interests are involved than merely the truth-seeking function of the trial, an interest of the entire legitimacy of the proceeding. Let's suppose that the trial juror states that he is prejudiced and biased. Let's suppose that all 12 of them say that, and the defendant waives that, says that's all right, I want to get this trial started, and he waives that. The truth-seeking function is just as poisoned by 12 biased jurors, yet he can waive that. Why can't he waive the biased judge? When he's agreed to the sentence. Well, those are still legitimate jurors. Well, this was a legitimate judge. I mean, I think your hypothetical was a good one, but it raised another problem. That person is not empowered by the State to enter a judgment, and nobody can stipulate to jurisdiction. A juror, you're not required to object to a juror. The juror stands up in the box, as Judge Baez suggests, and says, I hate whoever. The defendant isn't obligated to object. The defendant's entitled, if he or she chooses, to go forward. Well, for one thing, I don't know if having an impartial juror has been defined to be a structural error by the Supreme Court. Actually, it is. That's one of the things. If you have a juror whose bias can be demonstrated later, and there are lots of limitations on it, but that's one of the places where prejudice need not be demonstrated. You're entitled to an unbiased panel. Well, I would have to just draw a distinction between the type of structural error involved in this case, which is the legitimacy of the entire proceeding. Perhaps you can answer Judge Clifton's question. Is there a Supreme Court case clearly stating that a defendant cannot waive the fact that a judge is biased? Your Honor, I searched for a case law authority on that point and did not find any. I would have provided it if I had. And isn't this an AEDPA case? I'm sorry? Isn't this an AEDPA case? I still do not hear you, Your Honor. It's a case under the Anti-Terrorist and Effective Data Assessment. Yes. Well, doesn't that end our discussion? It's not clearly established by Federal law, by the Supreme Court? Well, it can be. It's clearly established that you should have a judge that's not biased. That's a 1927 Supreme Court case. Okay. But that you can't waive that bias, is that ever? I'm afraid I don't have any authority whatsoever, much less authority from the Supreme Court. It's an unusual factual setting, and that makes it difficult. So we understand you have to reach out for analogies. But we are constrained by the statute that says that it's clear Federal law is established by decisions of the U.S. Supreme Court. That's the marker that permits us to determine the State's adjudication process reached a result that was objectively unreasonable. That's a hard standard. It's just the fact of life, what happens under the statute to habeas cases today. What's the closest you can come to that would give us something to work with in support of your client's position in terms of a Supreme Court decision that you argue that the State courts ran afoul of? That this is a non-waivable error? Or you can go back to your structural if you want, if it gives you a route to waivable. And, again, I understand this factual setting is unusual. And the Supreme Court has said you don't have to have the facts line up exactly. It's the principles we're looking for. But I really need something that would give us an opportunity to say, if your client's going to prevail, give us a basis to say that the Oregon adjudication was objectively unreasonable against these Supreme Court decisions. I would have to rely on the Toomey case itself, the original one that establishes that denial of a right to an impartial judge's structural error. And once the error is found on that laundry list of structural errors, then that's the end of the discussion. No, I don't have any authority about waiver. And the reason is that usually when a judge announces that he is not impartial, then an ordinary defendant would say, I'd like to have another judge, and that's what happens. So I don't think that's why there's no case law on the issue. It is the most unusual of factual settings. But frankly, it was, I think, Judge Orff, she could have gotten up there and not commented on that. She made it very clear, put on the record, advised everybody of her feelings about the case, that it just happened in the same courthouse, she knew all the people involved, and said, I will go forward only because I'm just going to enter what the parties have agreed to. Now, there's a debate as to whether she actually could have exercised some discretion in terms of what the agreement said. But in her statement, she made it clear, look, this is what I'm going to enter. This is the sentence I'm going to impose. I'm going to do that because that's what they've all agreed to. I'm not exercising discretion. Now, on some level, maybe she was exercising discretion. But by letting everybody know what she planned to do, that gave the defendant the opportunity to make the decision, okay, do I want to object to this or not? And the selection was not. And so we come back to the same problem. Is there some reason why the defendant, and I understand the argument already made, because I'm not trying to ask you to repeat that, but is there any other reason why we shouldn't say that the defendant has the ability to decide, I want to get this over with, I want to go forward, I don't think any judge in this state is going to treat me any better, whatever else? I don't have anything that I haven't said already, Your Honor. I exhausted your time there, so we'll still give you a minute for rebuttal if you have it. Thank you, Judge. May it please the Court, Stephen Powers for the Superintendent. Given the record that supports the state post-conviction court's finding that Petitioner knowingly and intelligently entered into his plea agreement and applying the Section 2254 standards for this court's review of the case, this court should readily reject Petitioner's habeas claims. Let me ask you this. Couldn't Judge Orff have said, I'm not going to accept this plea, I think it's too harsh? It was a stipulated agreement, and the judge was under no obligation to accept the plea. So she did have some discretion, at least not to impose sentences, negotiate. Right. But she could have. And would it have been so difficult to get an out-of-county judge to come in and do the sentencing? That, you know, it might not have been. It's a small county. A lot of the judges know of each other, and, you know, shipping in another judge from a different county could have been possible. But that's why Judge Orff explained, this are my feelings, this is what's going on, I'm going to let you know that. And if you want to continue, because defense counsel and the prosecutor brought this stipulated agreement, this plea agreement to the judge, and everyone was fine with going on, but put it on the record. How far away was the courthouse in Portland? Jackson County is in southern Oregon, so probably four or five hours we're talking about. So given that the judge didn't exercise any real discretion in accepting this plea, and given that the petitioner in his state post-conviction proceeding doesn't attack the voluntariness of his plea, and fully acknowledged in his deposition that he understood what he was pleading to, and the state dismissed some serious charges for counsel of first-degree robbery, which carried mandatory minimum sentences, the superintendent suggests that there is no, this isn't contrary to or an unreasonable application of Supreme Court law. Addressing petitioner's arguments here, again, structural error, it's the superintendent's position that we don't even need to go, this court doesn't need to go in that direction on whether it applies or whether it doesn't, given what petitioner has developed or the record has developed in the state court proceedings. But even if it does, petitioner's hypothetical, I think, doesn't drive really at, it's not the legitimacy of the court, whether the court has authority and it's hypothetical of someone, an imposter judge, sitting on the bench. That presents different issues of authority and legitimacy of the court. Here we have an effective court, but we have a judge who has expressed that I may be biased against you. No, she didn't say maybe. She said I'm probably biased against you. Well, stronger than maybe. That is stronger, and I apologize for that. She said I'm probably biased against you because I know these people that you attacked. Do you still want to continue? And petitioner said that he still did want to continue. So I suggest petitioner's hypothetical today is a little off base to this case. Let's suppose that this is structural error by this judge to whom he applies. It's one of the structural errors listed in Washington v. Raquenco. Let me ask you this. Is there any case that you know of that allows the waiver of a structural error? I believe it's Chapman that talks about that any, maybe it's not Chapman, that a defendant has the right to waive any constitutional right, so like a right to a jury trial, which is clear. A criminal defendant has the opportunity to waive that right. Right to counsel, again, you can waive that right. And so any of those which could give rise to structural error by complete denial of counsel. Isn't there a public interest here besides the defendant's interest that the judge be unbiased that is going to pass sentence? Who vindicates that right? Can the defendant waive the public's interest in having an unbiased judge hand down judgment? Well, I think it goes along with, again, like the right to counsel, that you want to make sure that a criminal defendant has all legal arguments presented and understands when they're taking a plea, they're waiving trial, they're waiving the state having to prove by beyond a reasonable doubt amongst their peers. There is still that public interest there of making sure that that prosecution has fulfilled the constitutional demands of what it means to be found guilty of a crime. And so, again, the same analysis would apply that a petitioner can say, I know, I understand all of that, and I want to move on. I know if you ship in a judge from a different county, we're going to be still entering this stipulated agreement. Nothing's going to change. I want to continue. In fact, the petitioner said this is only one battle, and this was going to continue on at the plea hearing. If a shipped in judge might say, I think this is too harsh, and I'm not going to sentence according to it, you can either plead open or go to trial. That's a possibility. But, again, that's not one petitioner's claim that his sentence was too harsh and that he didn't know what he was entering into in his state post-conviction deposition, again, that he said, I understood what I was entering into. And so that wasn't the claim that he's advancing. The four counts of robbery were each punished with 70 months consecutive and unconcurrent. So it isn't exactly. Well, but there were four other counts of robbery that were dismissed. That were dismissed. Which could have been concurrent on top of that. So you're looking at a significantly longer sentence. The petitioner was looking at a significantly longer sentence. So given that, and unless the Court has any questions, under the Section 2254 standards, I believe the petitioner has not carried this burden and this Court should affirm the district court's judgment. Thank you. Plotter, we'll give you a minute. Thank you.  It's the acceptance of the plea itself. There was no trial, but there certainly was an adjudication, and the acceptance of the guilty plea serves as a substitute for the trial. The state, I think, characterizes the acceptance of the plea in its brief as a ministerial function. That can't be accurate. It's essentially a judicial function. It's not a trivial matter to accept a guilty plea. And it's a function that has to be performed by an impartial judge. Other than that, I don't have any other comments unless the Court has questions. Thank you. I thank both counsel for your argument. The case just argued is submitted.
judges: Farris, Clifton, Bea